IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHONG SU YI, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PJM-16-756 |
| ARCHBISHOP OF NEW ORLEANS, et al., | * | |
| Defendants | * | |

\*\*\*

## MEMORANDUM OPINION

The above-captioned Complaint was filed on March 15, 2016, together with a Motion to Proceed in Forma Pauperis. ECF 2. Because Plaintiff appears to be indigent, the motion shall be granted.

The Complaint characterizes the facts and arguments in his case as:

Archbishop of New Orleans issued Open Letter regarding a corporation opening for business in March of 2013, and issued directive its own corporation shall not do business with anyone involved in build out of said corporation. Subsequently said Archbishop issued second Open Letter to its cohort corporations to allow participating build out Corporations to let transaction to take place; and gained national recognition from media while plaintiff wrote composition and was not able to gain national recognition.

\*\*\*\*

Congress may not make any law regarding establishing religion; or prohibit free exercise thereof; meaning intent of law is no more expansion or curtailment; at the moment of passage of Constitution ipso facto in the prior ordo cogniscendi; meaning all subsequent laws must subsumed under numerated laws.
There was no internet there was no corporate charter corporate law; without passage of amendment allowing establishment of religion into Internet and corporate charter; Archbishop could not use Archdiocese to write Open Letter et al., such violates Constitution.

Conclusion Archbishop could not use Archdiocese as tool to violate Constitution without first establishing Amendment regarding to whatever it wishes to achieve. Archbishop open letters are unconstitutional ; as is Archdiocese are unconstitutional. Because it lacks constitutional amendment amending First

>Amendment Clause one. The precedence was prohibition and its repeal thereof i.e. 18th and 21st Amendment thereof.  Therefore, all Archdiocese et al operating under religious dogma; as its right to operate therein; under corporate charter thereof, all corporate charter thereof; occupancy permit thereof, et al must be repealed;
>Also for archbishop to gain copyright protection without having to go through copyright office; violates due process of the law.
>Also Plaintiff is indigent recognized by court; to proceed as pauper; via due process of the law; copyright office must grant status of a pauper; as promote clause in Constitution.

*Id*., pp. 2-4.

Plaintiff does not allege suffering a direct injury as a result of the statements made. He asks that he be awarded damages in the amount of $350,000.00 for mental distress. He seeks an order that he "may gain copyright protection without filing with Copyright office; but mere notification thereof," as well as an injunction ordering, "cease and desist operation of archdiocese of New Orleans." *Id*., p. 4.

Pursuant to 28 U.S.C. §1915(e)(2), a court may dismiss a case filed *in forma pauperis* if it determines that the action is frivolous or fails to state a claim on which relief may be granted. An action is frivolous if it raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). As noted by Judge Hollander:

>To be sure, this court is required to construe liberally a complaint filed by a self-represented litigant, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and to examine the complaint using a less stringent standard than for those drafted by attorneys. *Id.; see also Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). This court must allow the development of a potentially meritorious case, *see Hughes v. Row*e, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972), and must assume the complaint allegations to be true. *Erickson*, 551 U.S. at 93. However, under 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when *in forma pauperis* status has been granted. Pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints. *See, e.g., Michau v. Charleston Cnty*., S.C., 434 F.3d 725, 727 (4th

> Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screening of a nonprisoner complaint); *Evans v. Albaugh*, 2013 WL 5375781 (N.D.W.Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed *in forma pauperis*). Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a plaintiff's complaint if it fails to state a claim on which relief may be granted. Although pleadings filed by a self-represented plaintiff are to be liberally construed, the plaintiff's complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

*Harris v. Janssen Healthcare Products*, No. CV ELH-15-2730, 2015 WL 5897710, at *2 (D. Md. Oct. 6, 2015).

Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf. A separate Order follows dismissing this case.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

April 7, 2016